NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0824n.06
Filed: December 4, 2007

No. 06-6470

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| APPALACHIAN REGIONAL HEALTHCARE, INC., | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| Plaintiff-Appellant, | ) |  |
| v. | ) |  |
| KY. NURSES ASS'N, *et al.*, | ) |  |
| Defendants-Appellees. | ) |  |

_____

BEFORE:  MOORE and GRIFFIN, Circuit Judges; and TARNOW, District Judge.[*]

PER CURIAM.  Appalachian Regional Healthcare ("ARH") appeals a district court's decision upholding an arbitration award.  The district court concluded that the deference federal courts must accord an arbitrator's decision required summary judgment in favor of the unions, appellees here.  Applying *Michigan Family*

_____

[*]The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

No. 06-6470
*Appalachian Regional Healthcare, Inc. v. KY Nurses Ass'n, et al.*

*Resources v. Service Employees Int'l Union*, 475 F.3d 746 (6th Cir. 2007) (*en banc*),

decided since the lower court's decision, we agree, and therefore affirm.

## I.

The background facts are adequately set forth in the District Court's order and

will not be repeated here. *See Appalachian Regional Healthcare, Inc. v. Kentucky*

*Nurses Ass'n*, No. 05-150, 2006 WL 2947893 (E.D.Ky. Oct. 13, 2006). Suffice it to

say that the district court, applying the four-part test found in *Cement Divisions, Nat'l*

*Gypsum Co. v. United Steelworkers, Local 135*, determined that the arbitrator was

"arguably construing the contract consistently with accepted methods of contractual

interpretation." *Id*. at *3-*4 (citing *Cement Divs.*, 793 F.2d 759, 766 (6th Cir. 1986),

*overruled by Mich. Family Res.*, 475 F.3d at 753).

## II.

## A.

No special standard governs appellate review of a district court's decision to

vacate or enforce an arbitration award. *Electronic Data Systems Corp. v. Donelson*,

473 F.3d 684, 688 (6th Cir. 2007) (Moore, J.) (citing *First Options of Chicago, Inc.*

*v. Kaplan*, 514 U.S. 938, 947-48, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995)). Rather,

such a review "should proceed like review of any other district court decision finding an agreement between parties, *e.g.*, accepting findings of fact that are not 'clearly erroneous' but deciding questions of law *de novo*." *Id*. (quoting *Kaplan*, 514 U.S. at 947-48).

## B.

An *en banc* panel of the Sixth Circuit recently overruled the *Cement Divisions* four-part test. *Mich. Family Res.*, 475 F.3d at 753. The panel reviewed two Supreme Court cases decided since the 1986 *Cement Divisions* decision, *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 40 n.10, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987), and *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 121 S.Ct. 1724, 149 L.Ed.2d 740 (2001)).

The panel determined that "*Cement Divisions* [gave] federal courts more latitude to review the merits of an arbitration award than the Supreme Court permits." *Mich. Family Res.*, 475 F.3d at 751. Applying *Misco* and *Garvey*, the panel narrowed the reviewing court's inquiry to "whether the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." *Id*. at 752-53 (citing *Misco*, 484 U.S. at 38, 108 S.Ct. 364; *Garvey*, 532 U.S. at 509; 121 S.Ct. 1724) (quotation marks omitted).

*Michigan Family Resources* stated that

> judicial consideration of the merits of a dispute is the rare exception, not the rule. .. . . [I]n most cases, it will suffice to enforce the award that the arbitrator *appeared to be engaged in interpretation,* and if there is doubt we will presume that the arbitrator was doing just that.

*Id*. at 753 (emphasis added).                C.

The Appellant argues that the arbitrator was not construing the contract, and therefore, that his decision did not "draw its essence" from the collective bargaining agreement. The district court's decision applied *Cement Divisions*' broader inquiry, which permitted a court to vacate an award that did not "draw its essence" far more easily than *Michigan Family Resources* will now allow. Despite that greater leeway, that court determined that the arbitrator appropriately relied on past practice, properly applied context to interpret seemingly explicit language, and therefore construed the contract.

Under the guidance of *Michigan Family Resources*, if the arbitrator *appeared* to be engaged in interpretation, we must enforce the award. That case summarized its own analysis by observing that

> [t]he arbitrator's ten-page opinion has all the hallmarks of interpretation. He refers to, quotes from and analyzes the pertinent provisions of the agreement, and at no point does he say anything indicating that he was

> doing anything other than trying to reach a good-faith interpretation of the contract.

*Mich. Family Res*., 475 F.3d at 754.

Here, too, the arbitrator's decision quotes and applies the pertinent provisions of the collective bargaining agreements, and performs a good-faith interpretation of those agreements. The arbitrator was within the bounds of his authority, and his decision arguably construed the collective bargaining agreement. Therefore, we AFFIRM.